E-FILED
Wednesday, 16 August, 2017  12:06:39 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
### for the
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLARANG, INC.** )<br><br>**Plaintiff,** )<br> )<br>**vs.** )<br> )<br>**William L. Townsley, Esq.,** )<br>**Bruce J. Meachum, Esq., Beth Rademacher,** )<br>**Kyle R. Rademacher, Kurt Rademacher,** )<br>**Vermilion County Title, Inc., RaboAgriFinance,** )<br>**and Farm Credit Illinois, FLCA,** )<br> )<br>**Defendants.** ) | Civil Action No. _17-2185_ |

**FILED**

AUG **1 6** 2017

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## C O M P L A I N T
### and DEMAND FOR JURY TRIAL

**NOW COMES CLARANG, INC.,** Plaintiff, by and through its attorney, **Paul R. Wilson, Jr., of Paul R. Wilson, Jr., Ltd., d/b/a Wilson Law Offices,** and for its Complaint against Defendants, **William L. Townsley, Esq., Bruce J. Meachum, Esq., Beth Rademacher, Kyle R. Rademacher, Kurt Rademacher, Vermilion County Title, Inc., RaboAgriFinance, and Farm Credit Illinois, FLCA,** respectfully alleges as follows:

### *Jurisdiction and Venue*

1.   Jurisdiction exists in this Court based on diversity of citizenship as well as an amount in controversy in excess of Sevety-five Thousand dollars ($75,000) exclusive of interests and costs under *28 U.S.C.A Section 1332* where parties are from different states.

2.   The Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to *28 U.S.C.A. §1367(a).*

3.   Venue is proper in this Court pursuant to *28 U.S.C.A. §1391(a)(1) and (b)(2)* as, at all relevant times, some parties resided in the Central District of Illinois where the claims arose.

### *General Allegations*

4.   Clarang, Inc. is a charitable corporation recognized by section 501( c)(3) of the Internal Revenue Code of the United States of America.

5.   Clarang, Inc. (hereinafter "Clarang") is a Florida corporation with it's principal place of business in the state of California.

6.   Defendant William L. Townsley (hereinafter "Townsley") is an attorney at law practicing in Vermilion County, State of Illinois.

7.   Defendant Vermilion County Title, Inc. (hereinafter "Title Company") is an Illinois corporation doing business in Vermilion County, Illinois.  Title Company acted herein individually and as agent for Farm Credit Illinois, FLCA.

8.   Defendant Farm Credit Illinois, FLCA (hereinafter "Farm Credit") is an Illinois agricultural lending cooperative doing business in Champaign County Illinois.

9.   Defendant Bruce J. Meachum (hereinafter "Meachum") is an attorney at law practicing in Vermilion County, State of Illinois.

10.   At all times herein, Defendant Meachum acted as attorney and agent for all three Defendants "Rademacher".

11.   Defendant Beth Rademacher (hereinafter "Rademacher") is an individual who is a citizen of the State of Illinois residing in Champaign County, Illinois.

12.   Defendant Kyle R. Rademacher (hereinafter "Rademacher") is an individual who is a citizen of the State of Illinois residing in Champaign County, Illinois.

13.  Defendant Kurt Rademacher (hereinafter "Rademacher") is an individual who is a citizen of the State of Illinois residing in Champaign County, Illinois.

14.  Defendant RaboAgriFinance (hereinafter "Rabo") is a bank incorporated in Delaware and located in the State of Missouri.

### *Factual Allegations*

15.  Clarang, Inc. is a corporation formed in the State of Florida.

16.  Subsequent to incorporation, Clarang, Inc. was awarded a status of a 501( c)(3) charitable corporation from the Internal Revenue Service.

17.  Clarang, Inc. was the owner of real estate in Vermilion County, Illinois, particularly described as:

> The North Half of the Northeast Quarter and the East 6 acres of the
>
> Northeast Quarter of the Northwest Quarter of Section 35, Township 20
>
> North, Range 14 West of the 2nd P.M., consisting of 86 acres more or less.
>
> (Hereinafter referred to as the "premises" or the "property.")

18.  Thereafter, Clarang, Inc. retained the services of attorney William L. Townsley in Danville, Illinois to represent it in the sale of the aforementioned real estate.

19.  A contract for the sale of said property was entered into on or about April 15, 2015. Clarang, Inc. was the seller of that property and the buyers were Kyle R. Rademacher, Kurt Rademacher and Beth Rademacher.

20.  The contract sale price of this property was Nine-hundred and forty-six thousand dollars ($946,000.00) for approximately 86 acres.

21.  Defendants Rademacher were to deposit, as earnest money, ten percent (10%) of the total price either with Clarang's attorney or, by agreement of the parties, to a title company trust account.

22.  Additionally, the contract provided that Defendants Rademacher were to pay all real estate taxes for calendar year 2014, which were due to be paid in two (2) installments prior to specific deadlines.

23.  Defendants Rademacher did not pay or deposit the earnest money in the amount of ninety-four thousand six hundred dollars ($94,600).

24.  Defendants Rademacher claimed to have paid, as earnest money, twenty-five thousand dollars ($25,000) for which they took credit for at closing.

25.  Defendants Rademacher never paid twenty-five thousand dollars ($25,000).

26.  Defendants Rademacher did not pay the real estate taxes for calendar year 2014 as required by the contract and specific deadlines.

27.  Defendants Rademacher also did not pay the real estate taxes of 2014 until sending checks five months later in January 2016.

28.  Clarang paid the real estate taxes for calendar year 2014.

29. Defendants Rademacher sent checks purporting to be payment of the 2014 real estate taxes.  Due to the default of Defendants Rademacher, Clarang never deposited those checks.

30.  The aforesaid real estate contract provided that the deed was not to be delivered to Defendants Rademacher until they had paid ninety-four thousand six hundred dollars ($94,600) in earnest money.

31.  By virtue of the failure to comply with the provision for payment of 2014 taxes and the deposit of earnest money in the amount of ninety-four thousand six hundred dollars ($94,600) Defendant Townsley was directed to declare a breach of contract, forfeit the down payment, and not to proceed with the closing and sale to Defendants Rademacher.

32.  The contract provided that in the event of a breach of contract Clarang was entitled to a forfeiture of ninety-four thousand six hundred dollars ($94,600) to be paid to Clarang. Moreover, in the event of a breach of contract by the failure to pay all of 2014 real estate taxes Clarang was entitled to a forfeiture of that $94,600 earnest money payment.

33.  Defendant Townsley was to forward all proposed closing documentation to Clarang.

34.  Defendant Townsley never forwarded those documents to Clarang.

35.  Upon the direction of Defendant Townsley, Clarang executed a deed to buyers and forwarded it to Defendant Townsley.

36.  That deed was delivered to Defendant Townsley to hold.

37.  Clarang, a number of times, directed Defendant Townsley to declare a default and not to close the real estate sale transaction.

38.  Clarang's President indicated that she would travel to Vermilion County, Illinois to assess the situation.

39.  Defendant Townsley was not provided with a power of attorney to act in lieu of Clarang's President.

40.  Clarang never authorized Defendant Townsley to close the real estate transaction but expressly instructed Defendant Townsley not to proceed with the closing and sale to Defendants Rademacher.

41.  Defendant Townsley was contacted by Clarang's representative indicating that Clarang's President would be traveling to Danville, Illinois.

42.  At that time, Defendant Townsley indicated that the transaction had been closed, contrary to Clarang's instructions and without the presence of Clarang's President.

43.  This closing occurred despite instructions from Clarang that the transaction was not to be completed.

44.  Defendant Townsley signed documents at the closing, without the required resolution from Clarang's Board of Directors.

45.  Defendant Townsley tendered the deed Clarang had executed to Defendant Meachum and Defendant Title Company.

46.  Defendant Townsley never had authority to sign any documents or make representations that he had authority to close the transaction.

47.  The transaction was closed at Defendant Title Company.

48.  Defendant Title Company was the agent of Defendant Farm Credit.

49.  Defendant Title Company did not verify Defendant Townsley's authority to close.

50.  Defendant Meachum did not verify Defendant Townsley's authority to close.

51.  Defendant Farm Credit was the lender for Defendants Rademacher.

52.  Defendant Townsley approved the closing and acted without authority from Clarang.

53.  Defendant Townsley, acting on behalf of Clarang, failed to collect the required real estate taxes for 2014.

54.  Defendant Townsley purportedly agreed to a deposit of earnest money of twenty-five thousand dollars ($25,000).

55. Clarang never received that twenty-five thousand dollars ($25,000).

56. Defendant Townsley never verified that the twenty-five thousand dollars ($25,000) was paid to Clarang.

57. Twenty-five thousand dollars ($25,000) should have been ninety-four thousand six hundred dollars ($94,600).

58. Defendant Townsley knew he did not have authority to close the real estate transaction and acted without authority.

59. Defendant Title Company had a duty to ensure that Defendant Townsley had authority to close the real estate transaction.

60. Defendant Title Company violated that duty by not ensuring that Defendant Townsley had authority to close the real estate transaction.

61. Defendant Title Company prepared the closing documents which did not comport with the real estate contract by not having the appropriate amount of earnest money, the payment of the 2014 real estate taxes, nor that any earnest money had been paid.

62. Defendant Title Company knew or should have known of these failures.

63. Defendant Townsley knew or should have known of this failure to require the full amount of the earnest money, the full amount of real estate taxes for 2014, and for failure to pay any earnest money.

64. Defendants Rademacher knew or should have known of their failure to comply with the contract by failing to pay all of the 2014 real estate taxes prior to closing.

65. Defendants Rademacher knew or should have known that they failed to comply with the contract by paying the full amount of the earnest money.

66. Defendant Meachum at all times represented Defendants Rademacher and acted as their agent.

67. Defendant Meachum knew or should have known that Defendants Rademacher were in breach of the contract by failing to pay the appropriate amount of earnest money, or any of the earnest money.

68. Defendant Meachum knew or should have known that Defendants Rademacher should have but did not pay 2014 real estate taxes prior to closing.

69. Defendant Meachum was present at the real estate closing and allowed closing to be conducted and completed with Defendants Rademacher not having complied with the contract.

70. In closing the transaction, Defendant Townsley, Defendant Title Company and Defendant Meachum acquiesced in the payment of a mortgage to Defendant Rabo in the amount of six hundred sixty-six thousand five hundred sixty-two dollars and forty-seven cents ($666,562.47).

71. None of the aforesaid Defendants, Townsley, Meachum, Farm Credit or Title Company inquired as to the basis of this figure.

72. Defendant Rabo improperly added a payoff not only for the subject premises but also a mortgage existing on an unrelated corporation.

73. Defendant Rabo did not share this information with Defendants Townsley, Meachum or Title Company.

74. Defendant Townsley advised Clarang that he would forward the proposed closing documents and figures to Clarang.

75.  Defendant Townsley was advised by Clarang that Clarang would be present for the closing.

76.  Contrary to his representations, Defendant Townsley never shared any of these figures with Clarang prior to closing.

77.  Defendant Rabo was without authority to lump the completely unrelated corporation's payoff in with the payoff for Clarang.

78.  Defendant Rabo had previously agreed to reduce the mortgage payoff by an amount attributable for an unrelated corporation to enable the closing but failed to do so.

79.  Defendant Rabo had agreed to accept the sum of three hundred thirty-six thousand two hundred and three dollars and ninety-four cents ($336,203.94) as of May 18, 2015.

80.  Despite that agreement Defendant Rabo sent a payoff figure for six hundred sixty-six thousand five hundred sixty-three dollars and forty-seven cents ($666,563.47) to Defendant Title Company, Defendant Townsley, or both.

81.  Thereafter Defendant Rabo demanded and accepted the greater sum without Clarang's knowledge nor the knowledge of the unrelated corporation.

82.  At that point, Defendant Rabo advised that they had been paid in full, both for Clarang and an unrelated corporation and declined to do any further business with Clarang.

83.  Defendant Townsley, after advising Clarang that the matter closed, refused for a substantial period of time to return telephone calls and e-mails or communicate with Clarang or its representative.

84.  As a result of the actions of the Defendants, Clarang has been financially thwarted in its efforts to support its charitable mission to establish child abuse programs.

85.  Subsequent to closing of the real estate transaction Defendants Rademacher have taken possession of the subject premises.

86.  Defendants Rademacher made numerous representations to Clarang that they would continue to utilize the premises for farm ground.

87.  Despite those representations, Defendants Rademacher have entered into an agreement with Parks Livestock, Inc. and have undertaken to despoil the prime farm ground by converting it to a pig farm.

88.  Due to the aforesaid circumstances Clarang is entitled to a recision of the transaction.

89.  For that reason, irreparable injury can result to the premises in devaluation of the premises to Clarang.

90.  There is no adequate remedy at law.

### *Count I - Breach of Contract by Defendant Rabo*

1 - 90.  Clarang realleges and incorporates herein by reference paragraphs 1-90 of this Complaint as paragraphs 1-90 of this Count I.

91.  Clarang entered into an agreement with Defendant Rabo to the extent it reflected a loan herein attributable only to the premises and not a loan attributable to a completely unrelated corporation.

92.  Defendant Rabo agreed that the appropriate sum to be paid was three hundred thirty-six thousand two hundred and three dollars and ninety-four cents ($336,203.94).

93.  Despite this agreement, and unknown to Clarang, Defendant Rabo submitted a payoff to Defendant Title Company for six hundred sixty-six thousand five hundred sixty-three dollars and forty-seven cents ($666,563.47).

94. Defendant Title Company paid that sum.

95. This action on behalf of Defendant Rabo constituted an intentional breach of contract with Clarang.

96. As a result of that breach, Clarang was deprived of using an excess of three hundred thirty thousand dollars ($330,000) to further it's charitable endeavors.

97. As a result of that breach, Clarang has had the need to retain the services of counsel in order to recover funds wrongfully taken by Defendant Rabo.

**WHEREFORE**, Plaintiff prays this honorable court enter judgment in favor of Plaintiff and against Defendant Rabo in the amount of three hundred thirty thousand three hundred and fifty-nine dollars and fifty-three cents ($330,359.53) plus punitive damages, it's costs and attorney's fees, and for such other and further relief as in the circumstances this honorable court shall deem just and proper.

### *Count II - Fraud and Material Misrepresentation by Defendant Rabo*

1 - 97. Clarang realleges and incorporates herein by reference paragraphs 1-97 of Count I of this Complaint as paragraphs 1-97 of this Count II.

98. Through selfish and bad faith motives through it's officers and agents and without the knowledge or consent of Clarang, Defendant Rabo fraudulently misrepresented to Defendant Townsley, Defendant Meachum, Defendant Title Company, Defendants Rademacher, individually and as agent of Defendant Farm Credit and Defendants Rademacher that the sum of six hundred sixty-six thousand five hundred sixty-three dollars and forty-seven cents ($666,563.47) was due and owing attributable to the property of Clarang.

99.  As a result of these representations Defendant Farm Credit and it's agent, Defendant Title Company, as well as Defendant Meachum, Defendants Rademacher, and Defendant Townsley agreed to the payment of the sum of six hundred sixty-six thousand five hundred sixty-three dollars and forty-seven cents ($666,563.47) to Defendant Rabo.

**WHEREFORE**, as a result of this fraudulent conduct it is respectfully prayed this Court enter judgment in favor of Clarang and against Defendant Rabo in the sum of three hundred thirty thousand three hundred and fifty-nine dollars and fifty-three cents ($330,359.53) for compensatory damages and additional judgment for punitive damages plus attorneys fees and costs and such other and further relief as in the circumstances this honorable Court shall deem just and proper.

### _Count III - Tortious Interference by Defendant Rabo_

1 - 99.  Clarang realleges and incorporates herein by reference paragraphs 1-99 of Count II of this Complaint as paragraphs 1-99 of this Count III.

100.  The aforesaid actions on behalf of Defendant Rabo intentionally and without justification wrongfully interfered with Clarang's ability to proceed in it's charitable endeavors as herein before mentioned.

**WHEREFORE**, Plaintiff respectfully prays this honorable Court enter judgment in favor of Plaintiff and against Defendant Rabo in the sum of three hundred thirty thousand three hundred and fifty-nine dollars and fifty-three cents ($330,359.53) for compensatory damages and additional judgment for punitive damages plus incurred attorneys fees and costs and such other and further relief as in the circumstances this honorable Court shall deem just and proper.

### *Count IV - Breach of Fiduciary Duty by Defendant Rabo*

1 - 100.  Clarang realleges and incorporates herein by reference paragraphs 1-100 of Count III of this Complaint as paragraphs 1-100 of this Count IV

101.  Throughout it's relationship with Clarang, Defendant Rabo acted in a fiduciary or special relationship and due to the course of dealing established between the parties had the duty of good faith and honorable dealing to Clarang which duty was breached resulting in the damages alleged in this count.

**WHEREFORE**, Plaintiff respectfully prays this honorable Court enter judgment in favor of Plaintiff and against Defendant Rabo in the sum of three hundred thirty thousand three hundred and fifty-nine dollars and fifty-three cents ($330,359.53) for compensatory damages and additional judgment for punitive damages plus incurred attorneys fees and costs and such other an further relief as in the circumstances this honorable Court shall deem just and proper.

### *Count V - Negligence by Defendant Townsley*

1 - 99.  Clarang realleges and incorporates herein by reference paragraphs 1-99 of Count II of this Complaint as paragraphs 1-99 of this Count V.

100.  At all times, Defendant Townsley held himself as a licensed attorney at law with knowledge and experience in real estate and corporate matters.

101.  In that capacity, Defendant Townsley undertook to represent Clarang in the sale and purchase of the subject premises.

102.  Defendant Townsley owed a duty to Clarang to exercise reasonable care and caution in the protection of Clarang's interests and rights in said cause to be possessed of ordinary

professional skill, competency and knowledge required to represent a person in the sale of real estate.

103.  Defendant Townsley had a further duty to make complete disclosure to Clarang of the progress of that sale, the compromise of the disputed claims and to advise truthfully Clarang as to all matters relating to this representation.

104.  Defendant Townsley had a duty to ensure that Defendants Rademacher complied completely with their contractual obligations.

105.  Notwithstanding duties of the aforesaid duties Defendant Townsley committed one or more of the following negligent acts or omissions:

A.  Failed to be possessed of the ordinary skill and knowledge required to prepare for and conclude a sale of the subject premises;

B.  Misrepresented to Clarang his knowledge and expertise in this representation;

C.  Either misrepresented or failed to disclose Defendant's status of preparation;

D.  Failed to represent Clarang in the cause when he knew or should have known that he was not adequately skilled and knowledgeable in such matters;

E.  Failed to disclose all matters concerning the status of Clarang's case;

F.  Failed to adequately determine the appropriate amount of mortgage liabilities of Clarang;

G.  Failed to ensure that Defendants Rademacher had paid the appropriate amount of earnest money, or any earnest money at all;

H.  Failed to ensure that Defendants Rademacher had paid 2014 real estate taxes prior to closing;

I.  Failed to follow the instructions of Clarang to default Defendants Rademacher and to secure the entire amount of earnest money that they should have paid;

J.  Failed to follow Clarang's instructions not to conclude the closing;

K.  Failed to follow Clarang's instructions that she be present for the closing;

L.  Failed to have authority to conduct the closing or to sign documentation;

M.  Improperly turned the executed deed over to Defendants Rademacher; and,

N.  Failed to communicate with Clarang both before, during, and after the real estate transaction.

106.  As a result of one or more of the aforementioned actions or inactions, or omissions or failure to carry out the fiduciary trusts and duties placed on Defendant Townsley proximately caused of the overpayment of mortgage in the amount of three hundred thirty thousand three hundred and fifty-nine dollars and fifty-three cents ($330,359.53); failed to default Defendants Rademacher and procure the sum of ninety-four thousand six hundred dollars ($94,600) to which Clarang was entitled; failed to secure the payment of real estate taxes.

107.  The closing improperly occurred and there was no payment of any earnest money payments, there was no payment of real estate taxes and that Clarang did not receive the sum of ninety-four thousand six hundred dollars ($94,600) which should have been defaulted and come to Clarang as a result of the default.

108.  As a further direct and proximate result of the alleged violations of duties owed to Clarang by Defendant Townsley, Clarang has lost the property and has incurred attorney's fees and costs in order to redress the aforesaid wrongs perpetrated by Defendant Townsley and due to the lack of funds Clarang has been unable to pursue it's charitable endeavors.

**WHEREFORE,** Plaintiff respectfully prays for judgment in favor of Plaintiff and against Defendant Townsley in the amount of three hundred thirty thousand three hundred and fifty-nine dollars and fifty-three cents ($330,359.53) together with the amount of earnest money, which should have been defaulted, of ninety-four thousand six hundred dollars ($94,600), and the payment of all real estate taxes for 2014 and for the costs of this action and for such other and further relief as in the circumstances this honorable Court shall deem just and proper.

### *Count VI - Willful and Wanton Conduct by Defendant Townsley*

1 -104 . Clarang realleges and incorporates herein by reference paragraphs 1- 104 of Count V of this Complaint as paragraphs 1- 104 of this Count VI.

105. Notwithstanding the aforesaid duties Defendant Townsley committed one or more of the following acts in willful and wanton reckless disregard to the rights of Clarang and its property;

       A. Failed to be possessed of the ordinary skill and knowledge required to prepare for and conclude a sale of the subject premises;

       B. Misrepresented to Clarang his knowledge and expertise in this representation;

       C. Either misrepresented or failed to disclose his status of preparation;

       D. Failed to represent Clarang in the cause when he knew or should have known that he was not adequately skilled and knowledgeable in such matters;

       E. Failed to disclose all matters concerning the status of Clarang's case;

       F. Failed to adequately determine the appropriate amount of mortgage liabilities of Clarang;

G. Failed to ensure that Defendants Rademacher had paid the appropriate amount of earnest money, or any earnest money at all;

H. Failed to ensure that Defendants Rademacher had paid 2014 real estate taxes prior to closing;

I. Failed to follow the instructions of Clarang to default Defendants Rademacher and to secure the entire amount of earnest money that they should have paid;

J. Failed to follow Clarang's instructions not to conclude the closing;

K. Failed to follow Clarang's instructions that it be present for the closing;

L. Failed to have authority to conduct the closing or to sign documentation;

M. Improperly turned the executed deed over to Defendants Rademacher; and,

N. Failed to communicate with Clarang both before, during, and after the real estate transaction.

106 - 108. Clarang realleges and incorporates herein by reference paragraphs 106 -108 of Count V of this Complaint as paragraphs 106 - 108 of this Count VI.

**WHEREFORE**, Plaintiff respectfully prays for judgment in favor of Plaintiff and against Defendant Townsley in the amount of three hundred thirty thousand three hundred and fifty-nine dollars and fifty-three cents ($330,359.53) together with the amount of earnest money, which should have been defaulted, of ninety-four thousand six hundred dollars ($94,600), and the payment of all real estate taxes for 2014, punitive damages, attorneys fees, and for her costs of this action and for such other and further relief as in the circumstances this honorable Court shall deem just and proper.

### *Count VII - Recision - Defendants Rademacher*

1 -97 .  Clarang realleges and incorporates herein by reference paragraphs 1- 97 of Count II as paragraphs 1- 97 of this Count VII.

98.  Defendants Rademacher knew that they had not paid the taxes for calendar year 2014 on the property.

99.  Defendants Rademacher knew that they had not made the required earnest money deposit of ninety-four thousand six hundred dollars ($94,600).

100.  Defendants Rademacher knew or should have known that the payment of the aforesaid real estate taxes and earnest money in the amount of ninety-four thousand six hundred ($94,600) was a condition precedent to the delivery of the deed by Defendant Townsley to Defendants Rademacher.

101.  Defendants Rademacher knew or should have known that they were in default of their contractual obligations and should have forfeited the sum of ninety-four thousand six hundred dollars ($94,600) to Clarang.

102.  Defendants Rademacher knew or should have known that they improperly received a credit for twenty-five thousand dollars ($25,000) of earnest money which they had not paid.

103.  Defendants Rademacher knew or should have known that real estate taxes were not paid prior to closing and that they should not have received a credit on the settlement statement for the payment of taxes.

104.  The aforesaid actions or inactions of Defendants Rademacher were intentional acts or acts done in willful and wanton disregard of their duty of fair dealing and honesty.

105.  The aforesaid actions of Defendants Rademacher deprived Clarang of the ninety-four thousand six hundred dollar ($94,600) earnest money forfeiture and proximately caused Defendant Townsley to wrongfully turn over the deed executed by Clarang.

106.  As a result thereof, Clarang was damaged by the loss of its property, the loss of the forfeiture of earnest money which should have been paid.

**WHEREFORE**, Plaintiff respectfully prays this honorable Court enter judgment in its favor and against Defendants Rademacher jointly and separately in the amount of ninety-four thousand six hundred dollars ($94,600) together with its attorneys fees, punitive and exemplary damages, court costs and such other further relief as this Court may deem just and proper, including ordering Defendants Rademacher to convey the referenced property back to Clarang and remove any mortgages which Defendants Rademacher may have caused to be placed as liens on the subject property.

### *Count VIII - Conspiracy to Defraud by Defendant Townsley, Defendant Title Company, Defendant Farm Credit, Defendant Meachum, Defendants Rademacher, and Defendant Rabo*

1.  Defendant Townsley, Defendant Title Company, Defendant Farm Credit, Defendant Meachum, Defendants Rademacher and Defendant Rabo engaged in a wrongful, malicious conspiracy to defraud Clarang of its property and failed to pay Clarang what was due to it by acting in concert directly or through agents as follows:

### *Defendant Townsley*

A.  Defendant Townsley knew he did not have authority to close the transaction or sign documents on behalf of Plaintiff Clarang.

B.  Defendant Townsley knew that Plaintiff's President intended to be present.

C.  Defendant Townsley participated in the closing without the presence of Plaintiff or advising Plaintiff of the closing.

D.  Defendant Townsley did not provide any documentation of the closing to Plaintiff prior to closing.

E.  Defendant Townsley knew or should have known that the real estate taxes for 2014 were not paid.

F.  Defendant Townsley knew or should have known that none of the earnest money payment and certainly not the full amount of the earnest money payment was paid but acknowledged in executing the settlement statement that a down payment in the lesser amount of twenty-five thousand dollars ($25,000) had been paid when in fact he knew or should have known it had not been paid.

G.  Defendant Townsley knew or should have known that the payoff to Defendant Rabo was approximately double the amount that it should have been.

H.  Defendant Townsley tendered the deed to the property against the direction of the Plaintiff.

I.  Defendant Townsley never defaulted Defendant Rademachers contrary to the instructions of Plaintiff.

J.  Defendant Townsley knew or should have known that the settlement statement prepared by Defendant Title Company was not proper or truthful.

### ***Defendant Meachum***

A.  Defendant Meachum failed to inquire as to the authority of Defendant Townsley to proceed to close the transaction.

B. Defendant Meachum knew or should have known that Defendant Townsley did not have the authority to close the transaction.

C. Defendant Meachum knew or should have known that Defendants Rademacher had not made any earnest money payment.

D. Defendant Meachum knew or should have known that there was no authority to even entertain a down payment in the reduced amount of twenty-five thousand dollars ($25,000).

E. Defendant Meachum knew or should have known that the Defendants Rademacher had not paid the real estate taxes on the property.

F. Defendant Meachum knew or should have known that Defendants Rademacher were in default of the contract.

G. Defendant Meachum knew or should have known that the contract provided the tender of the deed was subject to the conditions precedent of payment of taxes and earnest money of ninety-four thousand six hundred dollars ($94,600).

H. Defendant Meachum knew or should have known that no down payment or earnest money in any amount was ever made.

I. Defendant Meachum acquiesced in Defendants Rademacher, signed closing documents representing that in fact taxes had been paid, the earnest money had been paid, and that they had not defaulted according to the terms of the contract and should not have received the deed.

J. Defendant Meachum knew or should have known that the settlement statement prepared by Defendant Title Company was not proper or truthful.

### *Defendant Farm Credit*

A.  Defendant Farm Credit participated in the conspiracy to defraud by the actions of their agent, Defendant Title Company.

### *Defendant Title Company*

A.  Defendant Title Company participated in the conspiracy to defraud Clarang by failing to ascertain any authority on behalf of Defendant Townsley to close the transaction.

B.  Failed to inquire as to the propriety of the amount of the payoff to Defendant Rabo.

C.  Failed to determine whether or not real estate taxes had been paid by Defendants Rademacher.

D.  Failed to determine the propriety of the amount of the earnest money payment and, in fact if it or any earnest money payment had ever been paid by Defendants Rademacher.

E.  Failed to determine if the deed was presented contrary to the condition precedent of payment of taxes and the amount of ninety-four thousand six hundred dollars ($94,600) earnest money.

### *Defendant Rabo*

A.  Defendant Rabo asserted entitlement to a mortgage payment which was nearly double the amount they had agreed to with Clarang.

B.  Defendant Rabo received that amount of payoff when it was in part attributable to another client of the bank that was completely unrelated to the sale of the property by Clarang.

C.  Defendant Rabo did not advise Defendant Title Company or Clarang that it was not entitled to the payoff from Clarang funds for an unrelated corporation.

2.  As a result of this conspiracy Defendant Townsley improperly tendered the deed to the property to Defendants Rademacher.

3.  As a proximate result of the aforesaid conspiracy Defendant Rabo was paid nearly double what they should have been paid.  The title was improperly vested in Defendants Rademacher.  Real estate taxes were not paid.  Earnest money payments were not ever received by Clarang.  The default of Defendants Rademacher was not declared.  Clarang was deprived of the payment of $94,600 which should have been paid to them as a result of the default.

4.  The transaction should therefore be rescinded.

5.  Clarang has had the need to retain counsel and incur substantial expenses in order to pursue this remedy and should be reimbursed for all of those expenses by the conspiring defendants.

6.  There is no adequate remedy at law.

7.  Clarang verily believes that Defendants Rademacher, in concert with Parks Livestock, Inc. is despoiling the quality of the subject premises by currently converting from top grade agricultural farm land soil to a pig farm facility.

8.  It is appropriate that this Court enter a temporary retraining order, a preliminary and permanent injunction against Defendants Rademacher and any entity such as Parks Livestock, Inc. from proceeding with construction and destruction of the subject premises pending full hearing in this cause in order to maintain the status quo.

**WHEREFORE**, Plaintiff prays this Court enter judgment in favor of Plaintiff and against all named Defendants providing as follows:

A. Enter an order rescinding the contract of sale and the settlement of the real estate transaction;

B. Directing Defendants Rademacher to convey the premises back to Plaintiff;

C. Order Defendant Farm Credit to release any mortgages it may have filed on the subject premises;

D. Order Defendant Rabo to pay back to Plaintiff all sums it received from the closing;

E. Order Defendants Rademacher to restore the premises to its condition at the time of the closing and to pay to Plaintiff all funds necessary and appropriate to pay the costs of restoration to the premises to its condition at the time of the closing;

F. Order all Defendants to pay to Plaintiff all funds expended for legal services and costs in order to bring this action;

G. Order all Defendants jointly to pay punitive and exemplary damages;

H. Enter an order for a temporary and permanent injunction against Defendants Rademacher and persons operating under their purported authority including but not limited to Parks Livestock, Inc. to cease and desist immediately all actions they are taking to convert the farm land into other uses such as a pig production facility; and

I.  For such other and  further relief as in the circumstances this Court shall deem just and proper.

Respectfully submitted,

**CLARANG, INC.**

By:      PAUL R. WILSON, JR., LTD.


**s/Paul R. Wilson, Jr.**
Paul R. Wilson, Jr. - 3035565
Attorney for Plaintiff
Paul R. Wilson, Jr., Ltd.
d/b/a Wilson Law Offices
318 S. Garrard Street
Rantoul, IL   61866
Telephone: (217) 893-9509
Facsimile: (217) 893-8311
E-mail: wilsonlaw1@frontier.com